IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SOUTHWEST LENDING, LLC,
a New Mexico limited liability company,

        Plaintiff,

v.                                                           No. 1:24-cv-00353-KWR-LF

LAT33 CAPITAL, INC., f/k/a IMH
FINANCIAL CORPORATION, a Delaware
Corporation; WESTERN SPOTTED, LLC,
a Delaware limited liability company;
JAGUARUNDI, LLC, a Delaware limited
liability company; WESTERN RED, LLC,
a Delaware limited liability company; HARRIS
ANTELOPE, LLC, a Delaware limited
liability company; and ROCK SQUIRREL, LLC,
a Delaware limited liability company,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court upon Plaintiff's Motion to Remand, filed May 13, 2024. Doc. 7. Having reviewed the parties' pleadings and applicable law, the Court finds Plaintiff's Motion is well-taken and, therefore, is **GRANTED**. The Court remands this case to the Thirteenth Judicial District Court in Sandoval County, New Mexico.

### BACKGROUND

Plaintiff filed its Complaint on February 23, 2024, in the Thirteenth Judicial District Court in Sandoval County, New Mexico. Defendants removed this case to this Court on April 12, 2024. Doc. 1. This case involves a dispute regarding a commercial loan arising out of a seller-financed sale of real property in Sandoval County, New Mexico. Plaintiff asserts in negotiating the case, it bargained for a forum selection clause in which the parties agreed the state court in Sandoval County would have exclusive jurisdiction over disputes arising out of the loan documents. Doc. 7.

According to Plaintiff, on or about March 20, 2015, it entered into a Purchase Agreement and Escrow Instructions regarding the sale of real property with IMH Financial Corporation. Doc. 7 at 2. A portion of this sale was seller financed, and the agreement contemplated that the buyer would execute a "Commercial Loan Agreement," "Seller Financing Note," and "Seller Financing Mortgage" to secure a non-recourse loan from Plaintiff, as seller, to IMG Financial Corporation. *Id*. Plaintiff states the Purchase Agreement provided for the incorporation of any exhibit, "scheduled attached," or referred to in the Agreement. Doc. 7 at 2. According to Plaintiff, on or about August 14, 2015, Plaintiff and IMH Financial Corp. completed a ninth amendment to the Purchase Agreement and Escrow Instructions, in which the parties agreed to amend Section 7 to attach "Exhibit D", comprising the "Commercial Loan Agreement," Seller Financing Note," and "Seller Financing Mortgage" forms. *Id*. at 2-3. Plaintiff states it and IMH Financial Corp. agreed that the "buyer may take title to the Property through one or more subsidiaries." *Id*. at 3. According to Plaintiff, each form transaction document in Exhibit D of the Ninth Amendment, incorporated into the Purchase Agreement via Section 15(H)(1), contains a forum selection clause, which states, "[t]he courts in the county where the subject property is located or Sandoval County, New Mexico shall have exclusive jurisdiction to resolve any dispute arising under this agreement." *Id*. citing Ex. D to Ninth Amendment, Commercial Loan Agreement § 17 (ECF No. 1-1, p. 212); Ex. D to Ninth Amendment, Promissory Note, p. 3 (ECF No. 1-1, p. 225); Ex. D to Ninth Amendment, Mortgage, § 17 (ECF No. 1-1, p. 234). Both the executed Note and Mortgage include the forum selection provision identical to that found in Section 17 of the Commercial Loan Agreement. *Id*.

In December 2015, Western Spotted, LLC, Jaguarundi, LLC, Western Red, LLC, Harris Antelope, LLC, and Rock Squirrell, LLC (together, "Borrower Entities") entered into the Commercial Loan Agreement that contained the forum selection clause according to Plaintiff. *Id*. citing, Commercial Loan Agreement, § 17 (ECF No. 1-1, p. 28). Furthermore, these Borrower Entities also gave a Promissory Note and executed separate mortgages containing the forum selection clause. *Id*. citing Promissory Note, p. 2 (ECF No. 1-1, p. 60), Western Spotted, LLC, Mortgage, § 16 (ECF No. 1-1, p. 71); Jaguarundi, LLC, Mortgage, § 16 (ECF No. 1-1, p. 81); Western Red, LLC, 4 Mortgage, § 16 (ECF No. 1-1, p. 91); Harris

Antelope, LLC, Mortgage, § 16 (ECF No. 1-1, p. 102); Rock Squirrel, LLC, Mortgage, § 16 (ECF No. 1-1, p. 112).  Plaintiff claims the properties subject to the mortgages are located in Sandoval County, New Mexico.  *Id*. at 3-4 citing, Ex. A to Western Spotted, LLC, Mortgage (ECF No. 1-1, p. 74); Ex. A to Jaguarundi, LLC, Mortgage (ECF No. 1-1, p. 84); Ex. A to Western Red, LLC, Mortgage (ECF No. 1-1, p. 94-95); Ex. A to Harris Antelope, LLC, Mortgage (ECF No. 1-1, p. 105); Ex. A to Rock Squirrel, LLC, Mortgage (ECF No. 1-1, p. 115).

According to Defendants, in addition to the Commercial Loan Agreement, Plaintiff's loan to the special purpose entities (Western Spotted, Jaguarundi, Western Red, Harris Antelope, and Rock Squirrel are special purpose entities which are wholly owned by Lat33) ("SPEs") is evidenced by the Promissory Note, where each pledged certain real property to Plaintiff pursuant to mortgages to secure the SPEs' Note obligations.  Doc. 13 at 1; 3 at ¶¶3-4.  According to Defendants, under the December 31, 2015, Commercial Loan Agreement, Plaintiff loaned the SPEs the principal amount of up to $5,939,935 in connection with the SPEs' acquisition of the real property in Sandoval County, New Mexico.  Doc. 13 at 3, ¶1.  Defendants state both the Note and Mortgages each included a forum selection clause identical to that in Section 17 of the Commercial Loan Agreement.  *Id*. at ¶5 citing, Complaint at Ex. B, p. 2; Ex. C-G, § 16.  Defendants note that Lat33 Capital, Inc. is not a party to the Loan Agreement, Note, and/or Mortgages, nor does Plaintiff's Complaint state a claim against it under the Purchase Agreement.  *Id*. at 3-4, ¶¶6-9.

Following its removal to this Court by Defendants, on May 13, 2024, Plaintiff filed the instant motion, moving this Court to remand the case to the Thirteenth Judicial District Court in Sandoval County, New Mexico, arguing the forum selection clause requires remand of this case.  Doc. 7.

## ANALYSIS

This Court agrees with Plaintiff and finds remand is appropriate.  "Contrary to the general rule that a defendant's removal of the action from state court waives or cures any objection to improper venue in the federal court, an objection to the lack of proper venue based on a clause designating a court of another state or a foreign court as the exclusive forum is not waived or cured if the defendant removes the action from state court."  *Montoya v. Fin. Fed. Credit, Inc.*, 872 F. Supp. 2d 1251, 1261 (D.N.M. 2012) citing, *Knight*

3

*Oil Tools, Inc. v. Unit Petroleum Co.*, No. 05–0669, 2005 WL 2313715, at *2 (D.N.M. Aug. 31, 2005) (citations omitted)(citing 17 J. Moore, Moore's Federal Practice §§ 111.04[3][d], 111.36[5][a], at 111–42 to 111–43, 111–179 (3d ed.2004)); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 113–15 (5th Cir.1996); *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 866 (9th Cir.1991). As to forum selection clauses, the Tenth Circuit has stated that, "[f]orum selection provisions are 'prima facie valid' and a party resisting enforcement carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." *Riley v. Kingsley Underwriting Agencies, Ltd.*, 969 F.2d 953, 957 (10th Cir.1992) (quoting *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 10, 15, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972)).

"[A] valid forum selection clause operates to render venue improper, not only under 28 U.S.C. § 1391 but also under 28 U.S.C. § 1441(a)." *Lambert v. Kysar*, 983 F.2d 1110, 1113 n. 2 (1st Cir.1993). "[T]he appropriate way to enforce a forum-selection clause pointing to a state or foreign forum is through the doctrine of *forum non conveniens*." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 59-60, 66 n. 8 134 S. Ct. 568, 580 187 L. Ed. 2d 487 (2013); *K.R.W. Constr., Inc. v. Stronghold Eng'g Inc.*, 598 F. Supp. 3d 1129, 1134 (D. Kan. 2022); *WaterVation PLLC v. Shamrock Env't Corp.*, No. 2:20-CV-00063-MLC, 2020 WL 3578053 *4 (D. Wyo. June 30, 2020). *Forum non conveniens* is a discretionary common law doctrine under which "a court may resist imposition upon its jurisdiction even when jurisdiction is authorized by the letter of a general venue statute." *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). "At bottom, the doctrine of *forum non conveniens* is nothing more or less than a supervening venue provision, permitting displacement of the ordinary rules of venue when, in light of certain conditions, the trial court thinks that jurisdiction ought to be declined." *Am. Dredging Co. v. Miller*, 510 U.S. 443, 453, 114 S.Ct. 981, 127 L.Ed.2d 285 (1994). Under the doctrine of *forum non conveniens*, "a valid forum selection clause may prohibit a federal court from exercising jurisdiction if the parties contractually agreed to litigate the matter elsewhere." *K.R.W. Constr., Inc.* 598 F. Supp. 3d at 1135-36, citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972); *Riley v. Kingsley Underwriting Agencies*, Ltd., 969 F.2d 953, 957 (10th Cir. 1992). Especially

4

in instances where parties contract for a forum selection clause, the clause should be "given controlling weight *in all but the most exceptional cases*."  *Atl. Marine*, 571 U.S. at 63, 134 S.Ct. 568 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)).

Plaintiff argues and Defendants do not dispute that state and federal law are consistent with regard to the interpretation of forum selection clauses.  Doc. 7 at 4-5.  Because there are not material discrepancies between federal and New Mexico law regarding forum selection, it would be appropriate for this Court to apply federal law.  This Court agrees.  While the Tenth Circuit has not addressed which law applies in diversity cases when transferred to a federal forum, federal law has been applied when there are not material discrepancies between state and federal law.  *Montoya*, 872 F. Supp. 2d at 1261 citing, *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320–21 (10th Cir.1997); *see also Bowen Eng'g, Corp. v. Pac. Indem. Co.*, 83 F. Supp. 3d 1185, 1190 (D. Kan. 2015) (quoting *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995)); *Herr Indus., Inc. v. CTI Sys., SA.*, 112 F. Supp. 3d 1174, 1178 (D. Kan. 2015).  Here, the parties do not dispute that this Court should apply federal law nor does this Court find a material discrepancy.  Accordingly, this Court finds both state and federal law are consistent as to their application to the forum selection clause.[1]

### I.     Venue is Proper Only in the Sandoval County State District Court

Forum selection clauses are often classified as either permissive or mandatory.  *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997) citing, *Northern California Dist. Council of Laborers v. Pittsburg–Des Moines Steel Co.*, 69 F.3d 1034, 1036 (9th Cir.1995); *Frietsch v. Refco*, 56 F.3d 825, 829 (7th Cir.1995); *Caldas & Sons v. Willingham*, 17 F.3d 123, 127 (5th Cir.1994); *Milk 'N' More*, 963 F.2d at 1345.  Mandatory forum selection clauses "contain[] clear language showing that jurisdiction is appropriate only in the designated forum."  *Id*. citing, *Thompson v. Founders Group Intern.*, 20 Kan.App.2d 261, 886 P.2d 904, 910 (1994).  For example, "venue for any dispute arising under or in relation

---

[1] Because remands on the basis of forum selection clauses do not implicate subject matter jurisdiction, this Court need not address it.  *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 924 (10th Cir. 2005), citing *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1344 (10th Cir. 1992).

to this contract shall be only in the Seller's state and county," has been deemed a mandatory forum selection clause." *Id*. citing, *Vanier v. Ponsoldt*, 251 Kan. 88, 833 P.2d 949 (1992). Whereas permissive clauses authorize jurisdiction in a specific forum, but do not "prohibit litigation elsewhere." *Id*.

Here, the forum selection clause states, "[t]he courts in the county where the subject property is located or Sandoval County, New Mexico shall have exclusive jurisdiction to resolve any dispute arising under this agreement." Doc. 7 citing Ex. D to Ninth Amendment, Commercial Loan Agreement § 17 (ECF No. 1-1, p. 212); Ex. D to Ninth Amendment, Promissory Note, p. 3 (ECF No. 1-1, p. 225); Ex. D to Ninth Amendment, Mortgage, § 17 (ECF No. 1-1, p. 234). In interpreting the clause in light of the permissive/mandatory dichotomy, in addition to reading the plain meaning of the text, this Court finds the clause is mandatory. This clause requires that any disputes arising under the agreement be brought and litigated in a state court either in the county where the subject property is located or in Sandoval County, New Mexico. Although Defendants argue that the clause can be reasonably interpreted to permit removal to federal district court in Sandoval County, this Court rejects that argument. As the Tenth Circuit explained in *Excell, Inc.*, "[f]or federal court purposes, venue is not stated in terms of "counties." Rather, it is stated in terms of "judicial districts." *See* 28 U.S.C. § 1391." Because the language of the clause refers only to a specific county and not to a specific judicial district, we conclude venue is intended to lie only in state district court. *See Intermountain Systems v. Edsall Const. Co.*, 575 F.Supp. 1195, 1198 (D.Colo.1983) (rejecting similar argument that forum selection clause providing "venue shall be in Adams County, Colorado," could be construed to allow removal to federal district court in Colorado)." *Excell, Inc.*, 106 F.3d at 321. In applying the Tenth Circuit's reasoning in *Excell*, this Court finds because the forum selection clause here refers to courts in the county where the subject property is located or those of Sandoval County, New Mexico, venue is intended to lie only in state district court. *Id*.; Doc. 7 citing Ex. D to Ninth Amendment, Commercial Loan Agreement § 17 (ECF No. 1-1, p. 212); Ex. D to Ninth Amendment, Promissory Note, p. 3 (ECF No. 1-1, p. 225); Ex. D to Ninth Amendment, Mortgage, § 17 (ECF No. 1-1, p. 234). Furthermore, use of the word "shall" indicates mandatory intent. *Milk 'N' More, Inc. v. Beavert*, 963 F.2d 1342, 1343 (10th Cir. 1992) citing, *Sterling Forest Assocs., Ltd. v. Barnett–Range Corp.*, 840 F.2d

249, 252 (4th Cir.1988), abrogated in part on other grounds, *Lauro Lines s.r.l. v. Chasser*, 490 U.S. 495, 497, 109 S.Ct. 1976, 1977–78, 104 L.Ed.2d 548 (1989); *see also Karl Koch Erecting Co.*, 838 F.2d at 659 ("the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal by Koch"); *Intermountain Sys., Inc. v. Edsall Constr. Co.*, 575 F.Supp. 1195, 1198 (D.Colo.1983).  Not only does the forum selection clause identify a specific venue, but it requires, to the exclusion of other venues, that disputes be resolved in a specific court.  *Gas Sensing Tech. Corp. v. Ashton*, 795 Fed. Appx. 1010, 1016 (10th Cir. 2020).  Use of the word "exclusive," as found in the forum selection clause at issue, further indicates the selection of a mandatory forum.  *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, 428 F.3d 921, 927 (10th Cir. 2005); *K & V Sci. Co. v. Bayerische Motoren Werke Aktiengesellschaft ("BMW")*, 314 F.3d 494, 500 (10th Cir. 2002).  Defendants have not explained how reference to counties indicates federal courts are a proper venue nor how "shall" and "exclusive" render the clause permissive.

Forum selection clauses "are *prima facie* valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances." *Id*. citing, *The Bremen*, 407 U.S. at 10, 92 S.Ct. at 1913.  Here, this Court finds the provision that the courts of the county where the property is located or those of Sandoval County, seems reasonably clear and point to state court as the exclusive venue of jurisdiction. *Id*.  From the text and plain meaning of the forum selection clause, it is clear and unequivocal that Plaintiff has waived its statutory right of removal. *Id*. at 1346.  Since this Court has held that the forum selection clause is mandatory and clear, Defendants must demonstrate the clause is unreasonable or unfair to avoid its effects. *Excell, Inc.*, 106 F.3d at 321 citing, *ABC Mobile Systems*, 701 P.2d at 139.  Because the forum selection clause requires disputes arising under the agreement to be resolved by courts where a subject property is located or in Sandoval County, which is reasonable, there is no indication of overreaching, unequal bargaining power, or serious inconvenience to the parties. *Id*. citing, *ABC Mobile Systems*, 701 P.2d at 139; Restatement (Second) of Conflict of Laws § 80 cmt. a (1971).  Nor would Defendants be deprived of their day in court if forced to litigate in the Thirteenth Judicial District. *Id*.  Therefore, this Court finds Defendants have not demonstrated that application of the clause is unreasonable or unfair.  Defendants have failed to satisfy their burden to remove all doubts against removal or that the

7

clause is invalid. *Fajen*, 683 F.2d at 333 citing, *Greenshields*, 248 F.2d at 65; *Montoya*, 296 F.3d at 955. Because the forum selection clause is mandatory, removal to a federal court is precluded. Accordingly, this Court remands this case to the Thirteenth Judicial District.[2]

Defendants argue that venue is proper in this Court because the parties agreed to jurisdiction in the ""courts *in* the county where the subject property is located or Sandoval County, New Mexico…" not only courts *of* such counties." Doc. 13 at 4-5 citing, Complaint at Ex. A, § 17 (emphasis added); Ex. B, p. 2 (emphasis added); Ex. C-G, § 16 (emphasis added). Defendants cite *American Soda* in support of their argument stating, "[i]f the contract language refers to the state courts to the exclusion of the federal courts, it is a term of sovereignty. If, on the other hand, it encompasses Colorado state courts and the federal court sitting in the State of Colorado, it is a term of geography." *Id*. citing, *American Soda*, 428 F.3d at 925. In addition to this distinction, Defendants argue *American Soda* "implicitly overruled the *Excell* Court's forum selection clause interpretation," citing *Tyrrel v. Maskcara Industries, Inc.*, 438 F.Supp.3d 1279, 1287 (D. Utah 2020). Here, because the forum selection clause at issue states "courts *in* the county where the subject property is located or Sandoval County, New Mexico", under *American Soda*, this distinction refers to geography, not sovereignty, and jurisdiction is proper both in state court and this Court. This Court rejects Defendants' reasoning.

First, this Court disagrees with Defendants' argument that *Am. Soda,* "implicitly overruled" *Excell* via the United States District Court for the District of Utah in *Tyrrel*, 438 F.Supp.3d at 1279. 428 F.3d at 921. A federal district court cannot overrule circuit precedent, and this Court is bound to follow Tenth Circuit precedent unless overturned by either the Tenth Circuit or through a superseding decision by the United States Supreme Court. *Burlington N. & Santa Fe Ry. Co. v. Burton*, 270 F.3d 942, 947 (10th Cir. 2001). This Court has not found nor have Defendants provided case law indicating *Excell* has been overruled by the Tenth Circuit or the United States Supreme Court, and therefore, is binding.

---

[2] Plaintiff has not sought payment of just costs, actual expenses, or attorney fees as a result of removal under 28 U.S.C. § 1447(c). Therefore, this Court does not address this issue.

Secondly, even in applying *Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc.*, this Court finds remand is required. In *Am. Soda*, the Tenth Circuit stated, "[i]n *K & V Scientific*, 314 F.3d at 499, we adopted the majority rule for enforcing forum selection clauses. We held that when venue is specified, such as when the parties designate a particular county or tribunal, and the designation is accompanied by mandatory or obligatory language, a forum selection clause will be enforced as mandatory." 428 F.3d at 927. Furthermore, contrary to Defendants' assertion that *Excell* has been overruled, the *Am. Soda* Court then cited *Excell*, stating, "[f]or example, under the rule, the forum selection clause at issue in *Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 320 (10th Cir.1997), which stated "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado," is mandatory because of its specific county designation and use of the obligatory word "shall."" *Id*. at footnote four. Ultimately, the forum selection clause at issue in *Am. Soda*, "[b]oth Contractor and Company hereby submit to the jurisdiction of the Courts of the State of Colorado and agree that the Courts of the State of Colorado/Arbitrator shall be the exclusive forum for the resolution of any disputes related to or arising out of this Term Agreement", is fundamentally different than this case. *Id*. at 924. The distinction between "of" versus "in" and "geography" vs. "sovereignty" are not at issue in this case because the venue is specified and mandatory and therefore, must be enforced. *Id*. at 927 citing, *K & V Scientific*, 314 F.3d at 499. Applying Defendants' preferred analysis, that "courts in the county" is a proper venue because it refers to geography and not sovereignty, and therefore, jurisdiction is proper in both federal and state court is unreasonable. As this Court previously stated, reference to counties in forum selection clauses has been held to refer to state courts, as federal district courts are not organized by county. *Excell, Inc.*, 106 F.3d at 321. While this Court has jurisdiction over New Mexico, it does not sit in Sandoval County. To read the phrase "courts in the county where the property is located or Sandoval County" as referring to and including federal courts in Bernalillo, Dona Ana, Santa Fe, and Chaves counties, as Defendants ask this Court to do, contradicts the text and plain meaning of the forum selection clause.[3]

---

[3] Furthermore, the text both immediately before and after the forum selection clause reinforces the notion that the parties intended the State of New Mexico and its courts as the only forum for disputes arising under the agreement.

## II. This Court Remands Claims Against Defendant Lat33 Capital, Inc. ("Lat33")

In their Response to Plaintiff's Motion to Remand, Defendants argue that Plaintiff does not assert a claim against Defendant Lat33 arising out of the Purchase Agreement. Doc. 13 at 6-7. Because Lat33 is not a named party to the Loan Agreement, Note, and/or Mortgages, Plaintiff cannot assert claims under those agreements against Defendant Lat33. *Id*. Therefore, because Plaintiff's claim does not arise out of the Purchase Agreement as it relates to Defendant Lat33, it is not bound by the forum-selection clause and remand. This Court disagrees and finds remand of Plaintiff's claims against Defendant Lat33 appropriate.

In its Complaint, Plaintiff asserts breach of contract and foreclosure (Count I), declaratory judgment piercing the corporate veil (Count II), and anticipatory breach of covenant of good faith and fair dealing (Count III). Doc. 1, s*ee generally* Complaint, pp. 12-27. As it relates to Defendant Lat33, in Count II, Plaintiff alleges that "Lat33 Capital, Inc., as IMH is now known, states on its website that it was recapitalized in October of 2020 and now is a wholly-owned subsidiary of JP Morgan Chase Funding, Inc." *Id*. at ¶49. In its Reply, Plaintiff states that it seeks to hold Defendant Lat33 jointly and severally liable for the Promissory Note debts, and that the claims against it arise under the Purchase Agreement. Doc. 22 at 8.

Ultimately, determining the scope of a forum-selection clause is a matter of ordinary principles of contract interpretation. *Kelvion, Inc. v. PetroChina Canada, Ltd*., 918 F.3d 1088, 1092 (10th Cir. 2019). "The starting point, of course, is the language of the clause itself." *THB Holdings, LLC v. Table Invs., LLC*, No. CIV-22-443-PRW, 2023 WL 6810562 * 2 (W.D. Okla. Oct. 16, 2023) citing, 14D Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 3803.1 (4th ed. 2022); *see also Haworth v. Jantzen*, 172 P.3d 193, 197 (Okla. 2006) ("If it is not ambiguous, we accept the contract language in its plain, ordinary,

---

The additional text of Section 17 of the Commercial Loan Agreement states, "[t]he laws of the State of New Mexico shall govern the validity of this Commercial Loan Agreement and any documents executed in connection with this loan, the construction of its terms, and the interpretation of the rights and duties of the parties…all parties hereby consent to jurisdiction in the State of New Mexico and agree not to raise any personal jurisdiction defense." Doc. 1-1, Commercial Loan Agreement, p. 33. While not dispositive, when read together with the forum selection clause, this indicates the parties did not designate federal courts as the forum for dispute resolution.

and popular sense."); Okla. Stat, tit. 15, § 154 ("The language of a contract is to govern its interpretation, if the language is clear and explicit, and does not involve an absurdity.").

Here, Plaintiff's claims against Defendant Lat33 fall well within the plain meaning of the forum selection clause at issue. As previously discussed, the forum selection clause states, "[t]he courts in the county where the subject property is located or Sandoval County, New Mexico shall have exclusive jurisdiction to resolve any dispute arising under this agreement." Doc. 7 citing Ex. D to Ninth Amendment, Commercial Loan Agreement § 17 (ECF No. 1-1, p. 212); Ex. D to Ninth Amendment, Promissory Note, p. 3 (ECF No. 1-1, p. 225); Ex. D to Ninth Amendment, Mortgage, § 17 (ECF No. 1-1, p. 234). This clause clearly states that *any* dispute arising under the agreement must be resolved by a court in the county where the subject property is located or Sandoval County. *Id*. While Defendant Lat33 may very well be correct in its assertion that Plaintiff's claim against it fails on the merits, that is not the issue before this Court. Ultimately, Plaintiff's claims against Defendant Lat33 are a "dispute arising under this agreement." *Id*. Defendant Lat33 states that because of a lack of causality between it and the Purchase Agreement, the forum selection clause does not apply, and Plaintiff's request to remand fails. Doc. 13 at 7-8. However, a "forum selection clause can apply even when the contract at issue is raised only as a defense to the plaintiff's claims." *Kelvion, Inc.*, 918 F.3d at 1093 citing, *MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, 148 F.Supp.3d 1169, 1179 (D. Colo. 2015). Where "claims grow out of the contractual relationship or if 'the gist' of those claims is a breach of that relationship[,]" enforcement of a forum selection clause is especially important. *Id*. at 1094 citing, *BMR & Assocs., LLP v. SFW Capital Partners, LLC*, 92 F.Supp.3d 128, 136 (S.D.N.Y. 2015). Non-signatories can be subject to a forum selection clause if the connection between the non-signatory and agreement is sufficiently strong. *Presbyterian Healthcare Servs. v. Goldman, Sachs & Co.*, 122 F. Supp. 3d 1157, 1211 (D.N.M. 2015), citing *Hugel v. Corp. of Lloyd's*, 999 F.2d 206, 209 (7th Cir.1993), *see, e.g., Manetti–Farrow, Inc. v. Gucci Am., Inc.*, 858 F.2d 509, 514 n. 5 (9th Cir.1988). Through Defendants' admission that Lat33 Capital, Inc. wholly owns the special purpose entities also listed as Defendants in this case, it is clear that Lat33 is both closely related to the signatories and its binding foreseeable. Doc. 13 at 1; *Mozingo v. Trend Pers. Servs.*, No. CIV 10–4149 JTM, 2011 WL 3794263, at *6

11

(D.Kan. Aug. 25, 2011) aff'd, 504 Fed.Appx. 753 (10th Cir.2012). Therefore, because Plaintiff's claims against Defendant Lat33 grew out of the contractual relationship and the claims would not exist but for the existence of the Purchase Agreement, Promissory Note, and Mortgages, in addition to the plain meaning of the forum selection clause at issue, it must be applied against Defendant Lat33. *Delta Pegasus Mgmt. LLC v. Netjets Sales, Inc.*, No. 2:21-cv-00393-RJS-DAO, 2022 WL 4536757at *8 (D. Utah Sept. 28, 2022); *Keenan v. Berger*, No. CIV-18-584-R, 2019 WL 1590589 at *3 (W.D. Okla. Apr. 12, 2019). Ultimately, the forum selection clause in question requires "any dispute" be resolved by a state court and therefore, remand of all claims against Defendant Lat33 is appropriate.

## CONCLUSION

For the reasons stated above, this Court grants Plaintiff's Motion to Remand (Doc. 7). Accordingly, the federal docket in this case and any pending motions are terminated.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand (Doc. 7) is hereby **GRANTED** as described above.

**IT IS FINALLY ORDERED** that Plaintiff's claims against Defendants are **REMANDED** to the Thirteenth Judicial District Court, Sandoval County, New Mexico. The Clerk of the Court is directed to take the necessary actions to remand this case.

                                                        /S/  
                                                        KEA W. RIGGS  
                                                        UNITED STATES DISTRICT JUDGE